APONTE, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action
for the Division of Property.

No. 1815.—Decided December 23, 1918.

DIVISION OF PROPERTY—MINORS—EMANCIPATED MINORS—PROPERTY OF MINORS.—
A minor emancipated by marriage cannot alienate or encumber his real
property without the consent of his parents or tutors, and although, accord-
ing to section 310 of the Civil Code, ''a minor emancipated by reason of
marriage may appear before the district courts to represent his interests,
in the cases prescribed by law,'' he cannot bring an action to compel his
widowed mother and younger unemancipated brothers to sacrifice at public
auction real property owned in common with him and thus accomplish in-
cidentally or indirectly something which the law expressly prohibits, this
case not being included in ''the cases prescribed by law.''

The facts are stated in the opinion.
*Mr. Rafael Arce* for the appellants.
*Mr. Francisco González* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Marcelino Aponte López, a minor alleging emancipation
by marriage, brought suit against his mother, María López
Rodríguez, and two minor brothers, Carlos and Landelino
Aponte López, in which he prayed for the sale of a certain
house in which plaintiff owns a small undivided interest, and
for a division of the proceeds.

A demurrer was filed on the ground, among others, that
plaintiff had not the legal capacity to sue, and the answer,
after a general denial, set up as a ''counterclaim''—

''1st. That between plaintiffs and defendants, that is, between
the same parties herein, there is pending before the District Court
for the District of Humacao, with notorious priority to this present
claim, the amended complaint which as a supplement and part of
this answer is hereto attached. * * *

''2nd. That the disposition of this present case depends on the
decision in such double action now pending.''

In support of his ''counterclaim'' defendant merely intro-
duced in evidence the record in the other suit last above-men-

tioned, apparently on the theory that another action pending constitutes a valid defense under section 110 of the Code of Civil Procedure.

If, as appellant insists, the deed of partition introduced by plaintiff in support of his claim of ownership showed on its face a want of judicial approval, the trial judge should have dismissed the action, or at least, in the interest of substantial justice and of his own motion, he might have suggested a consolidation of the two actions or held in abeyance his judgment in the instant case pending trial of the other. The document itself, however, is not before us and the narrative statement of its contents does not show that it did not receive judicial sanction. We therefore abstain from further comment on this phase of the case.

Sections 307, 309 and 310 of the Civil Code read as follows:

"Section 307.—Emancipation capacitates the minor to govern his property and person as if he were of age; but until he attains his majority the said emancipated person cannot make any promise or contract any obligation exceeding in value the amount of his income for one year. Neither can he encumber or sell his real property, without the consent of his father, or in default thereof, that of his mother, and in the proper case, that of his tutor. Neither may he appear in a suit without the appearance of the said persons."

"Section 309.—A minor, whether male or female, becomes emancipated of right by marriage. Nevertheless, in order to alienate and mortgage any real property or to contract loans a minor emancipated by marriage shall require the consent of his father, in default of his father that of his mother, and in the proper case, that of his tutor.

"Section 310.—A minor emancipated by reason of marriage may appear before the district courts to represent his interests, in the cases prescribed by law."

Section 310 must be construed in connection with the others quoted. Unless emancipated by marriage, a minor may not appear in a suit without his father, mother or tutor. If emancipated by marriage he may appear to represent his interests only in the cases prescribed by law.

In neither case can he alienate or encumber his real estate without the consent of parent or tutor. Whatever else the words "in the cases prescribed by law" may include, they do not mean that a minor emancipated by marriage, at will and without regard to the best interests of his widowed mother and his younger unemancipated brothers, may compel them to sacrifice at public auction real estate owned in common with him and thus accomplish incidentally and indirectly what is by law expressly prohibited.

And we may add, the evidence in this case only serves to show the wisdom of the lawmakers in placing some limitations upon the legal effect of emancipation, whether by marriage or otherwise.

The judgment appealed from must be reversed and the case dismissed.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.